IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY LEE LEWIS,

                                      OPINION AND ORDER

             Petitioner,

                                      13-cv-122-bbc

    v.

TIM HAINES,

             Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered on April 12, 2013, I screened petitioner Jerry Lee Lewis's petition for a writ of habeas corpus under 28 U.S.C. § 2241 and ordered the state to respond. I interpreted the petition as directed to the constitutionality of petitioner's transfer to a supermax institution without an opportunity to challenge the reasons for his transfer. I concluded that his allegations were sufficient to state a due process claim because prisoners have a constitutional right to procedural protections before being subjected to the increased restrictions of a supermax facility, Wilkinson v. Austin, 545 U.S. 209, 223 (2005), and that petitioner's claim could be brought under § 2241. United States v. Harris, 12 F.3d 735 (7th Cir. 1994).

      On April 24, 2013, petitioner filed a response in which he says that I misinterpreted his petition. He "isn't challenging his placement in the supermax facility but is challenging his transfer from one prison system to a totally different prison system under the guise of

1

information that's inaccurate without any hearing." He further wrote that he "feels that [the] main issue for this writ was lost through misinterpretation of petitioner's true intent."

I must accept petitioner's interpretation of his petition. However, as I explained in my previous order, the issue that petitioner seeks to raise is not properly brought under 28 U.S.C. § 2241. A writ of habeas corpus is used to seek either release from custody or a "quantum change" in the conditions of confinement. Moran v. Sondalle, 218 F.3d 647, 650 (7th Cir. 2000). Prisoners cannot use § 2241 to challenge their transfer to a prison in another state, Olim v. Wakinekona, 461 U.S. 238 (1983), a transfer from a public to a private prison, Pischke v. Litscher, 178 F.3d 497, 499 (7th Cir. 1999), or a transfer from state into federal custody, Corgain v. Miller, 708 F.2d 1241, 1252 (7th Cir. 1983). (In fact, the court of appeals has explained that prisoners do not have a federal right to due process before such transfers, because a "prisoner has a legally protected interest in the conduct of his keeper, but not in the keeper's identity." Pischke, 178 F.3d at 500 (citing Olim, 461 U.S. 238). See also Corgain, 708 F.2d at 1252-54.) Because petitioner has disavowed any claim that he is challenging his confinement in supermax and because his claim challenging his transfer from federal into state custody without a hearing is not properly brought under § 2241, I will vacate the order directing the state to respond to it.

Whatever its merits, petitioner's claim challenging his transfer from federal to state custody must be brought in a civil action rather than a petition under § 2241. Moran, 218 F.3d at 650-51. When a prisoner mislabels a civil lawsuit as a habeas petition, the court may not simply convert the action because of the various procedural differences between the two

2

types of cases. Id. at 649 ("Prisoners may be tempted to choose one route rather than another to avoid limitations imposed by Congress."); Pischke, 178 F.3d at 500 (noting different procedural requirements and consequences of § 1983 and habeas corpus statutes as reasons for refusing to convert action). For example, the filing fee is $5 for a habeas petition, but $350 for a civil action. In addition, the Prison Litigation Reform Act applies to civil cases, but not to habeas petitions. Under the PLRA, petitioner would be required to pay the $350 filing fee, even if he asks for and is granted leave to proceed in forma pauperis. If he seeks and is granted pauper status, he must pay the fee in installments, starting with an initial partial payment calculated from a trust fund account statement, followed by monthly payments until the fee is paid in full. In addition, the Act requires the court to screen petitioner's complaint. If the court dismisses the action as legally frivolous or malicious or for failure to state a claim upon which relief may be granted, the court must assess petitioner a "strike" under 28 U.S.C. § 1915(g). If a prisoner incurs three strikes, he may not proceed under the in forma pauperis statute unless he is in imminent danger of serious physical harm. If plaintiff decides to pursue a civil action, he will have to file a new civil complaint and will be required to either pay the $350 filing fee or submit a request for leave to proceed in forma pauperis.

Accordingly, no action will be taken in this case until petitioner clarifies his intentions. If he wishes to pursue his claim in a habeas corpus action, he is free to do so, although in that case I will dismiss the action promptly for his failure to show that he is in custody in violation of the Constitution or laws of the United States. If he decides to pursue

3

a civil action he will have to advise the court of that fact no later than May 13, 2013. If petitioner chooses the second route, he must either pay the $350 filing fee or submit a request for leave to proceed in forma pauperis. I caution plaintiff to read the cases cited in this opinion carefully before he decides to pursue a civil action, particularly Pischke v. Litscher, 178 F.3d 497, and Corgain v. Miller, 708 F.2d 1241.

ORDER

IT IS ORDERED that

1. The order entered April 12, 2013, directing respondent Tim Haines to show cause why the writ should not issue, dkt. #8, is VACATED.

2. Petitioner Jerry Lee Lewis may have until May 13, 2013, to inform the court whether he wishes this court to treat his pleading as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 or as a complaint in a civil action under federal law. If he chooses to proceed with a civil lawsuit, he must submit no later than May 13, 2013, either (1) a check or money order made payable to the clerk of court in the amount of $350; or (2) a request for leave to proceed in forma pauperis. If petitioner does not respond by May 13, 2013, I will dismiss his petition for failure to show he is in custody in violation of the

Constitution or laws of the United States.

Entered this 25th day of April, 2013.

                                BY THE COURT:

                                /s/

                                BARBARA B. CRABB
                                District Judge